# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SARA ESPECULTA | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-404 |
| | § | Judge Mazzant |
| SAVVY CHIC MANAGEMENT, INC. | § | |
| d/b/a THE SCULPTING SHOPPE, and | § | |
| JESSICA CHANDLER | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Counter-Defendant's 12(b)(6) Motion to Dismiss (Dkt. #17). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied as moot.

## BACKGROUND

Sara Especulta, Plaintiff and Counter-Defendant, filed suit against Savvy Chic Management, Inc. d/b/a The Sculpting Shoppe ("Savvy Chic") and Jessica Chandler, Defendants, in the 429th District Court of Collin County, Texas alleging violations of the Texas Business Opportunities Act, among other state law causes of actions. Savvy Chic, Counter-Plaintiff, filed an answer and counterclaim alleging a variety of state law claims, including, but not limited to, business disparagement, breach of contract, and tortious interference with contracts.

On June 2, 2018, the case was removed to the Eastern District of Texas asserting federal question jurisdiction (Dkt. #1). A motion to remand has not yet been filed. The Court issued its Order and Advisory reminding the parties of the different pleading standards in federal court and allowing the parties time to file amended pleadings (Dkt. #7). The Court then granted an extension of the deadlines contained in the Order and Advisory (Dkt. #10). Especulta filed an amended complaint on August 13, 2018 (Dkt. #12). Savvy Chic did not file an amended counterclaim or

amended answer.  On September 4, 2018, Especulta filed the present motion to dismiss (Dkt. #17).  On September 21, 2018, Especulta filed a response to the motion (Dkt. #18)[1] and Especulta filed a reply on September 28, 2018 (Dkt. #19).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct,

---

[1] The response deadline to the motion to dismiss was September 18, 2018.

the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Especulta moves to dismiss Savvy Chic's counterclaim arguing that Savvy Chic has not pleaded any factual allegations to support its counterclaims.[2] After reviewing Defendant's Original Counterclaim Against Sara Especulta (Dkt. #5), the Court agrees that it is insufficiently pleaded in accordance with the federal standards of pleading. However, Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave

---

[2] The Court notes that Savvy Chic, in its late-filed response, argues that Especulta's motion to dismiss is late because it was not filed twenty-one days after the receipt of the counterclaim. The Court finds this argument improper as it was filed late and without leave of Court. It further finds the argument unmeritorious as the Court granted the parties time to file amended pleadings (Dkt. #7; Dkt. #10) and Especulta filed its motion to dismiss within the time period prescribed by the rules based on the date that Savvy Chic could or should have filed an amended counterclaim.

3

of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). In this case, as Savvy Chic has not amended its counterclaim since the case has been removed to federal court, the Court again gives Savvy Chic the opportunity to file an amended counterclaim in accordance with the federal pleading standard within 14 days of this Order.

## CONCLUSION

It is therefore **ORDERED** Counter-Defendant's 12(b)(6) Motion to Dismiss (Dkt. #17) is hereby **DENIED as moot**, subject to refiling if Savvy Chic fails to file an amended counterclaim or does so in a manner that does not comport with the federal pleadings standard.

**SIGNED this 5th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE